IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DEBRA JAMES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | CIVIL ACTION NO. |
| | : | **1 : 04-CV-11 (WLS)** |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

The above-styled Social Security appeal is presently before the court on the plaintiff's motion for attorney's fees. On March 24, 2005, the court entered a judgment remanding this matter to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings. The plaintiff has filed a motion for attorney's fees and costs pursuant to 28 U.S.C. § 2412(d), a provision of the Equal Access to Justice Act.

Plaintiff's attorney seeks an award of attorney's fees in the amount of $2, 137.50, based on an hourly rate of $125.00 for 17.1 attorney work hours, and costs of $150.00, for a total of $2,287.50. The Commissioner has filed a response indicating she has no opposition to the fees.

DISCUSSION

The Equal Access to Justice Act ("EAJA"), as codified at 28 U.S.C. § 2412(d)(1)(A), provides that "a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the

United States was substantially justified or that special circumstances make an award unjust." Thus, as prerequisites for the award of attorney's fees, the EAJA provisions require that the moving party prevailed on his substantive claim, that the Commissioner's position was not substantially justified, and that no special circumstances make an award unjust. <u>Comm'r, I.N.S. v. Jean</u>, 110 S.Ct. 2316, 2319 (1990).

It is therefore ORDERED that plaintiff's motion for attorney's fees be **GRANTED** and that the Social Security Administration forward to plaintiff's attorney forthwith the total of $2,287.50, said sum representing compensation for 17.1 hours of attorney work performed at a rate of $125.00 per hour, and costs of $150.00.

**SO ORDERED**, this 7th day of July, 2005.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE